NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NESTOR LORENZO**, Individually and as Executor of the Estate of Margarita Lorenzo deceased,<br><br>Plaintiffs,<br><br>v.<br><br>**ALFRED SEELEY, RIGAL CONSTRUCTION, INC., MARTIN MARTINETTI**, Individually and as Building Official of the City of Union City, **ALEX VELAZQUEZ**, Individually and as Building Inspector of the City of Union City and **THE CITY OF UNION CITY**,<br><br>Defendants. | Civil Action No. 06-cv-1682(PGS)<br><br>OPINION |

**SHERIDAN, U.S.D.J.**

Plaintiff, on behalf of himself and the estate of his deceased mother, claims that Rigal Construction, Inc. and its sole shareholder, Alfred Seeley, negligently and purposely breached a contract for home improvements. The subject of the instant motion is contained in Counts IV through VI wherein plaintiff alleges that the City of Union City, its property maintenance inspector (defendant Velazquez) and its construction code official (defendant Martinetti) (collectively the

1

"Union City defendants") violated plaintiffs' civil rights.[1] This matter was initially filed in Superior Court of New Jersey, Law Division, Hudson County and was removed on April 7, 2006. The Union City defendants previously moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion was denied in an order dated December 5, 2006, but plaintiff was required to amend his complaint so that his constitutional claims were more clearly presented. Thereafter, plaintiff amended his complaint and the defendants renewed their motion to dismiss. The Court conducted a settlement conference where the parties informally presented the merits of their case. Ths conference together with the two briefs made oral argument was unnecessary[2]. Fed. R. Civ. P. 78.

I.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all well-pled allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *Carino v. Stefan*, 376 F.3d 156, 159 (3d Cir. 2004). The court may grant such a motion only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct.

---

[1] Coincidentally, the plaintiff's attorney filed a complaint on behalf of a different client against the same defendants alleging the same constitutional claims in factually different circumstances. Last fall that complaint was dismissed on summary judgment after discovery was complete. *Papayia v. City of Union*, 2006 WL 2096082 (D.N.J. July 27, 2006). Like *Papayia*, this Court must allow some reasonable discovery at this early stage of the litigation.

[2] At the conference, it became clear that plaintiff does not fully understand the complexities of the building code permit process, and the necessity for the city officials to rigidly enforce it. Plaintiff needs assistance in maneuvering through this process. The Court encourages the parties to cooperatively work through this aspect of the case, as discovery continues. It serves neither party's interest to have a residence where incomplete building improvements pose a safety hazard and impinge on plaintiff's quiet enjoyment of his home.

99, 2 L.Ed.2d 80 (1957)).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See, Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

II.

To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that the "conduct deprived the plaintiff of his rights, privileges and immunities secured by the Constitution or laws of the United States." *Kost v. Kozakewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Reed v. Village of Shorewood*, 704 F.2d 943 (C.A Ill. 1983).

As asserted, plaintiff complained to the Union City defendants that the work performed by Rigal Construction was in violation of existing building codes. As a result fines were levied upon Rigal.  However, after these complaints, plaintiff was referred to as a "rat" and was not permitted to file a construction permit in order to allow a different construction company to take over the work. (Am. Compl. ¶¶15-19).  He claims that defendants Martinetti and Velazquez refused to allow him to file for such a change, and would only accept permits that named Rigal Construction as the contractor. (Am. Compl. ¶18).  Plaintiff also asserts that his attempt to administratively appeal these determinations to the Hudson County Board of Construction was derailed because the notice of denial of the permit that he received from Union City contained an incorrect address for said Board. Evidently, plaintiff traveled to the address set forth in the denial in order to file an appeal; but the

Board of Construction had relocated.

Taking the allegations as set forth as true, this Court finds that plaintiff has set sufficiently set forth a basis for his civil rights claims. When a plaintiff alleges that state actors have failed to provide procedural due process, we must determine "whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property'; if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Gardner v. McGroarty*, 68 Fed. Appx. 307, 310 (3d Cir. 2003) (citing *Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir. 1984); *Bd. of Regents v. Roth*, 408 U.S. 564, 569-72, 92 S.Ct. 2701 (1972)). *Reed v. Village of Shorewood*, 704 F.2d 943 (C.A Ill. 1983) (finding that liquor license was a property interest).

Before a plaintiff may raise a claim for failure to provide procedural due process, he "must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Id.* (citing *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir.2000)). Preventing access to the appeal process, due to an incorrect address listed on his denial notice may constitute such a violation. Accordingly, his procedural due process claims still stand. Under the circumstances, "the pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost*, 1 F.3d at 183; (quoting 5A Wright & Miller, <u>Fed. Practice & Procedure</u>: Civil 2d § 1357 at 340). The Court does not consider whether the plaintiff will ultimately prevail. *See Id.* The plaintiff meets this standard. Further, plaintiff filed these claims against the Union City Property Maintenance Inspector and Construction Code Official, both of whom were acting in their official capacity "under the color of state law." The Due Process Clause of the Fourteenth Amendment was intended to prevent

government officials from using their power as a tool of oppression. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). While government officials are given considerable leeway in performing their jobs, to establish a claim the plaintiff must show that the executive abused power to a level that "shocks the conscience." *Id*.

Here, defendants refused to permit plaintiff to file a new construction permit, unless he used a particular contractor, after he complained of their activities, and this resulted in violations of his First Amendment, due process, and equal protection rights. These allegations sufficiently state a claim for relief. Further, plaintiff contends the individually named defendants were carrying out the unofficial policy of Union to "arbitrarily" and "unreasonably" enforce building codes and ordinances. This may constitute an abuse of process. Such a misuse of the enforcement process, if proven, may establish a claim against the City of Union. Generally, "where execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under § 1983."). *Wright v. Camden City Police Dept.*, 2005 WL 2406098 at *3 (D.N.J. Sept. 29, 2005); *Monell*, 436 U.S. at 694; *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996). This court is not required to determine whether plaintiff will ultimately prevail in the litigation on a Rule 12(b)(6) motion, only whether plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

VI.

Based on the facts, this court recognizes that the City officials may be immune from this suit due to the doctrine of qualified immunity. *United Artists Theatre Circuit, Inc. v. Township of Warrington,* 316 F.3d 392, 399; *Harlow v. Fitzgerald*, 457 U.S. 800, 808 (1982). Qualified

immunity generally protects government officials performing discretionary functions from civil damages.  *Id.* at 398; *Harlow*, 457 U.S. at 818.  As the qualified immunity determination should be made at the earliest stage of litigation, this court is directing limited discovery to address this issue as set forth in order dated May 16, 2007.  *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).


       *s/Peter G. Sheridan*
      PETER G. SHERIDAN, U.S.D.J.

May 24, 2007